IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TECH REPS, INC.,

    Plaintiff,

vs.                                              No. CIV 98-0290 JC/RLP

COOLIDGE PATIO PLAZA, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING REMAND**

THIS MATTER came on for consideration of the Motion to Remand (Docket No. 7) filed by Plaintiff Tech Reps, Inc. ("TRI"). Asserting federal diversity jurisdiction, Defendant Coolidge Patio Plaza, LLC ("Coolidge") removed this action from Second Judicial District Court pursuant to 28 U.S.C. § 1441. The Court has reviewed the motion to remand, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken, and will be denied.

TRI alleges that under the terms of its lease with Coolidge, it is entitled to a declaratory judgment that TRI may terminate a portion of the leasehold interest it originally obtained. The essence of the dispute lies in Plaintiff's contention that it may select the space to be given back, even if such returned area would render it "unrentable" by the landlord. TRI also seeks a declaration that Coolidge must bear all costs and expenses in maintaining the ventilation and HVAC systems and in bringing the building into compliance with the Americans with Disabilities Act ("ADA"). TRI asserts that its pecuniary gain if it succeeds on the complaint will be a maximum of $61,745.22, and,

therefore, an amount in controversy less than the $75,000 necessary to support federal diversity jurisdiction.

Plaintiff correctly states that the Court looks to the allegations of the Complaint in determining the existence of federal jurisdiction. "The traditional rule has been that no part of the required amount can be met by considering a defendant's counterclaim." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3725 (1985). Generally in evaluating the amount in controversy raised by the Complaint, the potential gain to the plaintiff equals the corresponding loss to the defendant. But where declaratory or injunctive relief are at issue, the potential pecuniary gain to the plaintiff may significantly differ from the defendant's costs associated or incurred in complying with injunctive or declaratory relief. In such a case,

> [v]aluation of the matter in controversy in suits for declaratory or injunctive relief is a complex task. The court must not only undertake to evaluate intangible rights as opposed to objects commonly found in the marketplace, but it must decide what rights are involved in the controversy and from whose viewpoint their value is to be measured.

McCarty v. AMOCO Pipeline Co., 595 F.2d 389, 391-392 (7th Cir. 1979).

Unlike some courts which use the "plaintiff's viewpoint" to determine the amount of controversy, the "either viewpoint" rule, as established in Ronzio v. Denver R. G. W. R. Co., 116 F.2d 604 (10th Cir. 1940), remains firmly ensconced in the Tenth Circuit. See Justice v. A.T. & S.F Ry. Co., 927 F.2d 503 (10th Cir. 1991); Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc., 605 F.2d 1155, 1160 (10th Cir.1979). The Tenth Circuit explained the rule as follows:

> In determining the amount in controversy, we may look to the object sought to be accomplished by the plaintiff's complaint; the test for determining the amount in controversy is the pecuniary result to either party, which the judgment would directly produce.

Ronzio, 116 F.2d at 606. Therefore, I will evaluate the relief sought by TRI in conformance with this "either viewpoint" analysis.

If plaintiff succeeds in enforcing the contract as it interprets the terms, Defendant will lose not only the lost rent from Plaintiff but the approximately $30,000 involved in bringing the building into compliance. Thus, the potential pecuniary loss to Coolidge would exceed the required jurisdictional amount. Removal of the action to federal court was proper because the claims are sufficient to confer original diversity jurisdiction over this matter.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Remand (Docket No. 7) be, and hereby is, **denied**.

DATED this 8th day of May, 1998.

*[signature: John E. Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Thomas S. Watrous |
| | Margaret J. Wilson |
| | Watrous & Reardon |
| | Albuquerque, New Mexico |
| Counsel for Defendant: | David T. Thuma |
| | Anne D. Goodman |
| | Jacobvitz, Thuma & Matthews, P. C. |
| | Albuquerque, New Mexico |