# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TECH REPS, INC.,

        Plaintiff,

vs.                                                 CIV 98-290 JC/RLP

COOLIDGE PATIO PLAZA, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING SUMMARY JUDGMENT

THIS MATTER came on for consideration of Defendant/Counterplaintiff's Motion for Summary Judgment *(Doc. 63)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

Defendant Coolidge Patio Plaza, LLC ("Coolidge") rents business space to the plaintiff Tech Reps, Inc. ("TRI"). Under the terms of the original lease and its six subsequent amendments, TRI could choose to terminate "a maximum of one-third of the net rentable square footage in Suite 222 only." In August 1997, TRI notified Coolidge that it was exercising this option of canceling a portion of the leasehold interest it originally obtained and provided Coolidge with an illustration of the space to be canceled.

The landlord refused to consent to TRI's original proposed reapportionment of Suite 222 and to four other alternative proposals presented by TRI. In addition to disapproving the

proposed configuration for returned space, Coolidge warned TRI that it was withholding consent to any tenant modifications of the space retained by TRI. Because of special security concerns related to its business, TRI cannot occupy the smaller rented area in the absence of such tenant building modifications. In response to TRI filing the present declaratory judgment action, Coolidge filed a counterclaim asserting that Plaintiff has breached the lease and is now a holdover tenant.

Defendant asserts that it is entitled to summary judgment against Plaintiff on two narrow legal issues: (1) even though it did not fully vacate leased space that it purported to cancel, TRI stopped paying full rent to Coolidge; and (2) TRI improperly attempted to exercise its cancellation provision more than once. Before discussing these arguments, however, it is important to note that TRI asserts that Coolidge was the first to breach the lease. "A plaintiff who is himself in substantial default in rendering his agreed exchange for the defendant's promised performance cannot, in the absence of waiver, maintain suit on the contract." 5A Corbin, Corbin on Contracts s 1124 at 11-12 (1964).

The lease specifically provided that "[w]henever any approval or consent by Lessor or Lessee is required under this Lease, such approval or consent shall not be unreasonably withheld." Plaintiff has presented material issues of factual dispute as to whether Coolidge first breached the lease by unreasonably preventing TRI from exercising its contractual right to cancel part of its leasehold space and then unreasonably withholding approval of necessary tenant improvements. In response to the motion for summary judgment, Plaintiff has offered adequate affidavit testimony that all of TRI's proposals for returning space to Coolidge were viable and constituted surrender of "good, leasable space." Affidavit of Ed Wray at ¶ 11. Indeed, the proposed return

space had been specifically rented in the past to other tenants of the Patio Plaza according to former property manager and leasing agent of the building.

Evidence also has been submitted that Coolidge refused to approve of any returned space allocation proposals unless TRI relinquished its "right of first refusal" on all space in the building. TRI rejected the notion that it must give additional consideration in order to exercise its already enforceable downsize option. One could infer that even if TRI's plan for canceling leased space was both valid and reasonable, Coolidge wished to extract new obligations by withholding its consent. In discussing Cowan v. Chalamidas, 98 N.M. 14 (1982), the New Mexico Supreme Court stated that

> the case stands as authority for the proposition that if a claimed reason for refusing consent is merely pretextual, the court will look through the asserted reason to the true motivation and assess the reasonableness of that motivation in light of the facts in the case.

Economy Rentals, Inc. v. Garcia, 112 N.M. 748, 756 (1991). Therefore, TRI has produced sufficient evidence that Coolidge first breached the lease by rejecting the attempted cancellation for a reason other than its purported unreasonable allocation of space.

Defendant further contends that Plaintiff's failure to pay rent directly to Coolidge on canceled space constitutes breach of the lease as a matter of law. The Court notes that it granted TRI's opposed Motion to Tender Monies and permitted Plaintiff to deposit the disputed rent for the canceled space into the court's registry. TRI has continued to pay to Coolidge rent on the square footage that it did not opt to cancel. Under the unique circumstances presented here, I believe that Rule 67 was properly invoked and am unpersuaded that its use will impermissibly

allow TRI to evade a contractual obligation.  See Gulf States Utilities Co. v. Alabama Power Co., 824 F.2d 1465, 1474-77 (5th Cir. 1987).

In the case relied upon by Defendant, Wood v. Bartilino, 48 N.M. 175 (1944), the lessee sought to terminate the lease under the doctrines of impossibility or commercial frustration and completely stopped paying any rent to the landlord.  The Wood court stated that

> it is the rule that in the absence of an eviction, actual or constructive, or a complete destruction of the leasehold, a tenant is bound to discharge his covenant to pay rent, *unless he is relieved therefrom by the happening of some event which by the covenants of the lease terminates it*.

Id. at 182 (emphasis added).  In the present case, the lease contained a covenant that TRI could extinguish its rent obligation as to one-third of the space by giving proper notice.  I am simply unpersuaded that as a matter of law, Coolidge was entitled to rent on the space purportedly canceled by TRI.  If Coolidge was not so entitled, how could deposit of the disputed funds into the court registry amount to a material breach of TRI's obligations?

TRI's evidence, if believed, could support a finding that Coolidge placed TRI in an untenable position.  Coolidge sought to extort an economical advantage by refusing to acknowledge a reasonable exercise of TRI's right of partial cancellation.  In essence, Coolidge may have forced TRI to occupy the canceled space.  If Defendant further violated its contractual duty to give reasonable consent to necessary tenant improvements, it may have constructively evicted TRI by precluding it from being able to effectively operate its business within the downsized area.

Finally, Coolidge argues that TRI was given a single, one-time option to downsize its rented space by one-third of the area.  The landlord maintains that TRI breached the lease by

seeking to cancel space on two occasions - 8,666 square feet in August 1997 and an additional 1,634 square feet in July 1998. Yet simply because the plural form of "option" does not appear in the lease does not mean that the lease option provision is "clear and unambiguous." To the contrary, the word "option" may be defined not only as a single choice, but as "the power to choose." It will be an issue for trial whether TRI's right of partial cancellation was intended to be restricted to a one-time opportunity or restricted only by the square footage limitation set forth in the provision.

Wherefore,

IT IS HEREBY ORDERED that Defendant/Counterplaintiff's Motion for Summary Judgment *(Doc. 63)* be, and hereby is, **denied**.

DATED: January 5, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Thomas S. Watrous and Margaret J. Wilson
WATROUS & REARDON
Albuquerque, New Mexico |
| Counsel for Defendants: | David T. Thuma and Anne D. Goodman
JACOBVITZ, THUMA & MATTHEWS, P.C.
Albuquerque, New Mexico |